## DAY v. UNION RY. CO. OF NEW YORK CITY.

(Supreme Court, Appellate Term. November 6, 1903.)

1. STREET RAILROADS—PASSENGERS ALIGHTING—DUTY TO STOP CAR—INSTRUCTIONS.

An instruction that it was the duty of defendant to bring its car to a stop, and allow it to so remain for a length of time "sufficient" to allow plaintiff and her children to alight therefrom, was not erroneous, though the law only required the car to stop a reasonable time, where other instructions stated that only ordinary care was required.

Appeal from City Court of New York.

Action by Kate L. Day against the Union Railway Company of New York City. From a judgment for plaintiff, and from an order denying a motion for a new trial, defendant appeals. Affirmed.

Argued before FREEDMAN, P. J., and BISCHOFF and BLANCHARD, JJ.

Henry A. Robinson (Bayard H. Anes and F. Angelo Gaynor, of counsel), for appellant.

Alfred & Charles Steckler, for respondent.

FREEDMAN, P. J. Upon a careful review of the whole case it cannot be held that the verdict is against the weight of evidence. The claim that the court committed reversible error in charging the jury that it was defendant's duty to bring the car to a stop, and allow it to remain in such a position for a length of time sufficient to allow plaintiff and her children to alight therefrom, on the ground that "sufficient" and "reasonable" are not synonymous terms, and the law requires only reasonable time, is without merit; because the jury were further instructed that no extraordinary, but only ordinary, care was required. The charge in its entirety fully protected every right of the defendant, and the complaint against the use of the word "sufficient" constitutes, under all the circumstances, mere verbal criticism.

The judgment and order must be affirmed, with costs. All concur.